IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Ervin Ellison, Jr., | ) | C/A No.: 4:11-1680-RBH-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | REPORT AND RECOMMENDATION |
| Lisa Combs, Robin Dukes, Jamie Pope, | ) | |
| Helen Campbell, and Smithfield | ) | |
| Packing, Inc., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff, proceeding pro se and in forma pauperis, filed this civil rights action claiming employment discrimination. Under Local Civil Rule 73.02(B)(2) (D.S.C.), pretrial proceedings in this action have been referred to the undersigned United States Magistrate Judge.

The Complaint was filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without paying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute permits a district court to evaluate a complaint, prior to service, to determine if it should be summarily dismissed based on failure to state a claim, immunity of defendants, or as frivolous. 28 U.S.C. § 1915(e)(2)(B). When a plaintiff is proceeding *in forma puaperis* under § 1915, officers of the court issue and serve all process, and, in this district, service is accomplished through the United States Marshals Service. 28 U.S.C. § 1915(d); and Fed. R. Civ. P. 4(c)(3). It remains Plaintiff's responsibility, however, to

properly complete the summons and U.S. Marshal forms necessary to attempt service. *See* Fed. R. Civ. P. 4(b).

The court evaluated the Complaint and issued an order on September 14, 2011, directing Plaintiff to clarify which defendants he intended to sue and provide properly-completed service documents. The order explained that, although the caption of the Complaint names four individuals, as well as Plaintiff's employer, the second page of the Complaint contains only the employer as a defendant. Additionally, only the employer is named as a defendant in the caption of the Local Rule 26.01 Answers to Interrogatories, as well as Plaintiff's Motion to Proceed *in forma pauperis*. Finally, the only summons submitted by Plaintiff was for service on the employer, and no U.S. Marshal forms for service were submitted. The order directed Plaintiff to notify the court in writing regarding whether he intended to withdraw suit against the individuals. Plaintiff was also directed to provide completed service documents if he intended to sue the four individuals, as well as the employer. Plaintiff was provided the necessary forms with the order and was permitted twenty-one days, until October 11, 2011, to comply with the order.

Plaintiff was warned in the order that failure to provide the necessary information within the deadline could result in his case being dismissed. Plaintiff has failed to respond to the order. Therefore, because Plaintiff has failed to prosecute this case or comply with the court's order, it is recommended Plaintiff's complaint be dismissed without prejudice pursuant to Fed. R. Civ. P. 41.

IT IS SO RECOMMENDED.

*[signature: Shiva V. Hodges]*

November 21, 2011  
Florence, South Carolina

Shiva V. Hodges  
United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

3